**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Matthew M. Loker, Esq. (SBN: 279939)
ml@kazlg.com
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
411 Camino Del Rio South, Suite 301
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff,*
Sauwan Leung

<div style="text-align:center; margin-left:2em; writing-mode: vertical;">KAZEROUNI LAW GROUP, APC<br>2700 N. Main Street, Suite 1000<br>Santa Ana, CA 92705</div>

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAUWAN LEUNG,<br><br>Plaintiff,<br><br>v.<br><br>**CAPITAL ONE BANK (USA) N.A.;<br>LEGAL RECOVERY LAW OFFICES,<br>INC.; AND, MARK WALSH,**<br><br>Defendants. | Case No.:  **'12CV2760 JLS  BGS**<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §§ 1692-1692(P)**<br><br>**JURY TRIAL DEMANDED** |

///

///

///

///

///

///

///

///

**COMPLAINT FOR DAMAGES**                                            PAGE 1 OF 8

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Suite 1000
Santa Ana, CA 92705

INTRODUCTION

1.      The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2.      The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.  The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

3.      SAUWAN LEUNG ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of CAPITAL ONE BANK (USA) N.A. (individually as "Capital One" or collectively as "Defendants"); LEGAL RECOVERY LAW OFFICES, INC. (individually as "LRLO" or collectively as "Defendants"); and, MARK D. WALSH (individually as "Walsh" or collectively as "Defendants") with regard to attempts by Defendants, debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4.      Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

_____

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

5.   While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6.   Unless otherwise stated, Plaintiff alleges that any violations by Defendants were knowing and intentional, and that Defendants did not maintain procedures reasonably adapted to avoid any such violation.

7.   Unless otherwise indicated, the use of any Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendants named.

### JURISDICTION AND VENUE

8.   Jurisdiction of this Court arises pursuant to 28 U.S.C. §1331; and, 15 U.S.C. § 1692k.

9.   This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692(p) ("FDCPA").

10.   Because Defendants do business within the State of California, personal jurisdiction is established.

11.   Venue is proper pursuant to 28 U.S.C. § 1391.

12.   At all times relevant, Defendants conducted business within the State of California.

### PARTIES

13.   Plaintiff is a natural person who resides in the City of North Hollywood, County of Los Angeles, State of California.

14.   Defendant, Capital One, is located in the City of Richmond, in the State of Virginia.

15.   Defendant, LRLO, is located in the City of San Diego, in the State of California.

16.   Defendant, Walsh, is located in the City of San Diego, in the State of California.

17.   Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

18.   Defendants are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore "debt collectors" as that phrase is defined by 15 U.S.C. §

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Suite 1000
Santa Ana, CA 92705

1    1692a(6).

2    19.   Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt

3          which was due and owing or alleged to be due and owing from Plaintiff, and is a

4          "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5                                    FACTUAL ALLEGATIONS

6    20.   Sometime before May 13, 2010, Plaintiff is alleged to have incurred certain financial

7          obligations to Capital One.

8    21.   These financial obligations were primarily for personal, family, or household purposes and

9          are therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10   22.   Sometime thereafter, but before June 30, 2011, Plaintiff allegedly fell behind in the

11         payments allegedly owed on the alleged debt.  Plaintiff currently takes no position as to the

12         validity of this alleged debt.

13   23.   Subsequently, but before June 30, 2011, Defendant, Capital One, a debt collector pursuant

14         to the FDCPA, retained Defendant, LRLO, and Defendant, Walsh, also debt collectors

15         pursuant to the FDCPA, to proceed with legal action against Plaintiff for the collection of

16         Plaintiff's alleged financial obligations.

17   24.   Pursuant to the instructions of Defendant, Capital One, Defendant, LRLO, and Defendant,

18         Walsh, in the name of Capital One, filed a state collection case against Plaintiff on June 30,

19         2011 in the Stanley Mosk Superior Court based on Plaintiff's consumer account that was

20         allegedly in default, Case No. 10E08051.

21   25.   The purpose of the filing of the state case was not to pursue legitimate litigation, but to

22         cause Plaintiff financial hardship with the intent of coercing Plaintiff to pay the alleged

23         debt or merely hoping for Plaintiff's default.

24   26.   In the state case, Defendants brought causes of action for: (i) breach of written contract; (ii)

25         money had and received; and, (iii) account stated.

26   27.   These causes of action had no merit, or evidentiary support, and were brought for the sole

27         purpose of coercing Plaintiff to pay this alleged disputed debt.

28   28.   In the complaint filed in state court, Defendants alleged that an "Account Stated" had

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Suite 1000
Santa Ana, CA 92705

previously been entered into between Plaintiff and Capital One when, in fact, this was not true.

29. Through this conduct, Defendants used false representations or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer.  Consequently, Defendants violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

30. In the complaint filed in state court, Defendants stated that Plaintiff had entered into an account stated "in writing" when, in fact, Defendants, knew or should have known that this was untrue, and that no such writing existed.  This communication to Plaintiff was a false, deceptive, and misleading statement related to the collection of a debt.

31. Through this conduct, Defendants used false representations or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer.  Consequently, Defendants violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

32. At no time did Capital One, LRLO, or Walsh have any evidence of "writing," and this false, deceptive, and misleading representation was made only for the purposes of coercing payment from a consumer.

33. At no time did Plaintiff enter into an account stated with anyone regarding this alleged obligation.

34. In this action, Defendants used a false, deceptive, or misleading representations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10) because an action under an account stated requires that parties forgo any previous contract and, *instead*, enter into a new contract, which never happened in this case, a fact that Defendants either knew or should have reasonably known.

35. Defendants maintained this litigation up to and right before trial while all along knowing that Defendants never intended to actually go through with the trial, but instead, continue as an attempt to coerce a settlement.

36. Through this conduct, Defendants used false representations or deceptive means to collect or attempt to collect a debt or attempt to collect a debt or to obtain information concerning a consumer.  Consequently, Defendants violated 15 U.S.C. § 1692e and 15 U.S.C. §

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Suite 1000
Santa Ana, CA 92705

1692e(10).

37.  Through this conduct, Defendants used an unfair or unconscionable means to collect or attempt to collect any debt.  Consequently, Defendants violated 15 U.S.C. § 1692f.

38.  Through this action, Defendants caused Plaintiff to incur further litigation fees and costs.

39.  It was never the intent of Defendants to proceed to trial, as this activity was only meant to cause Plaintiff further expenses and coerce a settlement.

40.  Through this conduct, Defendants threatened to take action that cannot be legally taken or that is not intended to be taken.  Consequently, Defendants violated 15 U.S.C. § 1692e(5).

41.  Through this conduct, Defendants used an unfair or unconscionable means to collect or attempt to collect any debt.  Consequently, Defendants violated 15 U.S.C. § 1692f.

42.  Pursuant to Code of Civil Procedure §128.7(b)(3), LRLO and Walsh certified to Plaintiff and the Court that Capital One's allegations of account stated had evidentiary support, when in fact Defendants did not possess any evidence of any account stated, which is a written contract between the parties.

43.  Though, Defendants did not possess such evidence, Defendants could have complied with CCP § 128.7(b)(3) by stating in the complaint that they believed in good faith that such evidence reasonably could be obtained.  However, Defendants intentionally made no such statement regarding their lack of possession of evidence in an effort to mislead Plaintiff who would be justified in relying on CCP § 128.7(b)(3).

44.  Through this conduct, Defendants used a false, deceptive, or misleading representation or means in connection with the collection of a debt.  Consequently, Defendants violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

45.  Through this conduct, Defendants used an unfair or unconscionable means to collect or attempt to collect any debt.  Consequently, Defendants violated 15 U.S.C. § 1692f.

46.  Prior to trial, rather than follow through on their threats, Defendants moved to dismiss the case against Plaintiff *without prejudice* on August 23, 2012, thereby subjecting Plaintiff to a future threat of litigation and denying Plaintiff the ability to vindicate himself through the action.

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Suite 1000
Santa Ana, CA 92705

47. None of the Defendants ever intended to take either action to trial, but used the threat of trial as a debt collection tactic to collect the alleged debt from Plaintiff through false, deceptive, and misleading means and threats to take action Defendants never intended to take.

48. Through this conduct, Defendants threatened to take action that cannot be legally taken or that is not intended to be taken.  Consequently, Defendants violated 15 U.S.C. § 1692e(5).

49. Through this conduct, Defendants used an unfair or unconscionable means to collect or attempt to collect any debt.  Consequently, Defendants violated 15 U.S.C. § 1692f.

<div align="center">

**CAUSES OF ACTION CLAIMED BY PLAINTIFF**

**COUNT I**

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)**

**15 U.S.C. §§ 1692 ET SEQ.**

</div>

50. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 et seq.

52. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendants individually.

///
///
///
///
///
///

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Suite 1000
Santa Ana, CA 92705

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants for:

- an award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against each named Defendants individually;

- an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A);, against each named Defendants individually;

- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against each named Defendants individually; and,

- any and all other relief that this Court deems just and proper.


Dated: <u>November 13, 2012</u>                    Respectfully submitted,

                                         **KAZEROUNI LAW GROUP, APC**


                                         By: <u>      **/s/ Abbas Kazerounian**      </u>
                                                  Abbas Kazerounian, Esq.
                                                  Attorney for Plaintiff


**TRIAL BY JURY**

53.   Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.


Dated: <u>November 13, 2012</u>                    Respectfully submitted,

                                         **KAZEROUNI LAW GROUP, APC**


                                         By: <u>      **/s/ Abbas Kazerounian**      </u>
                                                  Abbas Kazerounian, Esq.
                                                  Attorney for Plaintiff

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Suite 1000
Santa Ana, CA 92705